**Chisom Dorathy OKPARA, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 07–70419.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 12, 2011.*

Filed Jan. 25, 2011.

Amos Lawrence, Esq., San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of The District Counsel Department of Homeland Security, San Francisco, CA, John D. Williams, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KOZINSKI, Chief Judge, NOONAN and SILVERMAN, Circuit Judges.

**MEMORANDUM** **

Okpara has waived any challenge to the BIA's denial of CAT protection by failing to raise the issue in her opening brief. *See Husyev v. Mukasey,* 528 F.3d 1172, 1183 (9th Cir.2008).

We affirm the denial of Okpara's asylum and withholding of removal claims because she waived any challenges to the IJ's finding, adopted by the BIA pursuant to *Matter of Burbano,* 20 I. & N. Dec. 872, 874 (BIA 1994), that she could reasonably relocate within Nigeria. *See Tamang v. Holder,* 598 F.3d 1083, 1088 (9th Cir.2010). Her opening brief states that "the sole issue on appeal in this case is whether the BIA's adverse credibility determination is supported by substantial evidence." *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996). But the finding that internal relocation is a reasonable option was a dispositive basis, independent of the adverse credibility determination, for denying asylum and withholding of removal relief. *See Melkonian v. Ashcroft,* 320 F.3d 1061, 1069 (9th Cir.2003); *Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 999 (9th Cir.2003); *see also INS v. Elias–Zacarias,* 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

We don't believe that denying Okpara's petition on waiver grounds would result in "manifest injustice" to her. *Alcaraz v. INS,* 384 F.3d 1150, 1161 (9th Cir.2004).

**PETITION DENIED.**

NOONAN, Circuit Judge, dissenting:

Documentary evidence and credible testimony establish that Okpara could face forced marriage, rape, and beatings should she return to Nigeria. *See Knezevic v. Ashcroft,* 367 F.3d 1206, 1214–15 (9th Cir. 2004) (remanding for IJ to consider 8 C.F.R. § 1208.13(b)(3) factors in determining reasonableness of internal relocation).

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.